UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PAMELA A. MANN, PLAINTIFF PRO-SE                JURY TRIAL DEMANDED

v.

J.A. CAMBECE LAW OFFICE, P.C.                CASE NO.

and

JAMES ANTHONY (J.A.) CAMBECE, ATTORNEY
and
"KATHARINE" DOE,  A DEBT COLLECTOR
and
"MR. FRANK",  A DEBT COLLECTOR
and
"MR FLANNIGAN",  A DEBT COLLECTOR
and
"MR. BIRMINGHAM",  A DEBT COLLECTOR
and
"JEREMY NOLAN",  A DEBT COLLECTOR

<u>COMPLAINT</u>

<u>INTRODUCTION</u>

   1.  This is an action for violations under the **Fair Debt Collection Practices Act,**  hereinafter

"FDCPA", 15 U.S.C. §1692a, *et. seq.,* the **Connecticut Creditor Collection Practices Act,**

Title 36a   of the Connecticut General Statutes §36a-645, Title 36a of the Connecticut General

Statutes or the **Consumer Collection Agency Act** ,  C.G.S. §800 and regulations issued

thereunder, and the  **Connecticut Unfair Trade Practices Act** , hereinafter "CUTPA",

Title 42 C.G.S. §110a.

<u>JURISDICTION</u>

   2.  Jurisdiction in this case is founded upon 15 U.S.C. §1692k which grants the United States

district Courts jurisdiction to hear this action without regard to the amount in controversy.

Jurisdiction is also founded upon the Plaintiff's venue in this District, and the fact that the

Defendants and their agents are a licensed collection agency here and do business here.

PARTIES IN THIS ACTION

   3.  The plaintiff is Pamela A. Mann (hereinafter plaintiff), a natural person residing in West

Hartford, Connecticut.

   4.  Upon information and belief, defendant is  J. A. Cambece Law Office, P.C. (hereinafter

"Cambece Law"), a professional corporation primarily doing business at  8 Bourbon Street,

Peabody, Massachusetts, 01960,  which is a law office and debt collection agency.

   5.  Upon information and belief, the second defendant is James Anthony (J. A.) Cambece, an

attorney licensed to practice in the State of Massachusetts, who conducts his law practice from

the above address.

   6.  Upon information and belief, the third defendant is  "Katharine Doe" a debt collection

agent at the above address.

   7.  Upon information and belief, the fourth defendant is  "Mr. Frank",  first name unknown, a

debt collection agent at the above address.

   8.  Upon information and belief, the fifth defendant is  "Mr. Flannigan", first name unknown,

a debt collection agent at the above address.

   9.  Upon information and belief, the sixth defendant is  "Mr. Birmingham", first name

unknown, a debt collection  agent at the above address.

   10.  Upon information and belief, the seventh defendant is "Jeremy Nolan", a debt collection

agent at the above address.

   11.  Defendant Cambece Law is licensed by the State of Connecticut as a consumer collection

agency.

12.  The defendants, both collectively and separately, are debt collectors as defined by the FDCPA, 15  U.S.C. §1692a(6), and the Connecticut Collection Agency Act,

 36a C.G.S. §36a-800.

13.  Although the plaintiff may not be liable to the defendants or any company or corporation for which the defendants collect, the plaintiff is a "consumer" as defined in 15 U.S.C. §1592a(3).

FACTUAL ALLEGATIONS

14. The plaintiff hereby repeats and realleges and incorporates by reference the foregoing paragraphs.

15.  By information and belief, a collection account for a charged-off credit card was sold or assigned by the original owner, to their wholly-owned bad debt collection division, Jefferson Capital Systems, LLC,  who then assigned it to Cambece Law for collection.

16.  By information and belief, this account was assigned by Jefferson Capital Systems, LLC, (hereinafter "Jefferson Capital") to Cambece Law for collection sometime in or around October, 2004.

17.  By information and belief, this was the first of two such accounts assigned to Cambece Law for collection.

18.  By information and belief, the second account, which was also a charged-off  credit card account sold to another, but unrelated purchaser,  Atlantic Credit and Finance (hereinafter "AC&F"),  was assigned for collection by Cambece Law in or around April, 2005.

COUNT NUMBER ONE

19.  The plaintiff hereby repeats and realleges and reincorporates by reference the foregoing paragraphs.

20.  The plaintiff received a call on her voice mail service on or about  October 8, 2004, from a "Katharine", last name unknown (hereinafter "Katharine Doe"), informing her that Attorney Anthony Cambece's office was calling and it was urgent that the plaintiff return the call.

21.  "Katharine Doe" is a desk employee of Cambece Law, and is a debt collector as defined at 15 U.S.C. §1692a(6).  Defendant's name may be an alias or desk name.

22.   Cambece Law is vicariously liable for the actions of "Katharine Doe", as her employer.

23.  "Katharine Doe" and Cambece Law are jointly and severally liable.

24.  By information and belief, the telephone number to which the call was to be returned was 1-866-253-0759.

COUNT NUMBER TWO

25.  The plaintiff hereby repeats and realleges and reincorporates by reference the foregoing paragraphs.

26.  The plaintiff subsequently received , on or about October 18, 2004,  the initial collection letter from Cambece Law on the first of the two collection accounts, demanding payment of $2,245.93 for  their then client, Jefferson Capital.

27.  The letter demanded immediate payment because the plaintiff  "had had ample time to pay your creditor".

28.  By information and belief, this allegation, that there was an account due and owing with the then-current alleged creditor, Jefferson Capital, was not true; the plaintiff had never had any such account with them.

29.  By information and belief, this demand letter was allegedly signed by a "J. A. Cambece, Attorney At Law".

COUNT NUMBER THREE

30.  The plaintiff hereby repeats, realleges and reincorporates by reference the foregoing paragraphs.

31.  By information and belief, sometime in October, 2004, after the receipt of the October 13, 2004, letter, "Katharine Doe" left another voice mail message at the plaintiff's telephone number.

32.  Her message repeated, in essence, the October 8, 2004 message.

33.  By information and belief, the call back number was the same as on the previous attempt, 1-866-253-0759.

34.  However, instead of hanging up right away when leaving the message, a recording of Beethoven's "5th Symphony" (1st. movement) was left playing for the rest of the almost two minute voice mail message.

35.  By information and belief, this act was done in order to tie up the plaintiff's voice mail service, as well as serve as a means of harassment when the message was played back later.

COUNT NUMBER FOUR.

36.  The plaintiff hereby repeats, realleges and reincorporates by reference the foregoing paragraphs.

37.  By information and belief, a third voice mail message was left at the plaintiff's telephone number on November 2, 2004, by a "Mr. Frank".

38.   "Mr. Frank" is an employee of Cambece Law, and is a debt collector as defined at 15 U.S.C. §1692a(6).  Defendant's name may be an alias or desk name.

39.  Cambece Law is vicariously liable for the actions of "Mr. Frank", as his employer.

40.  "Mr. Frank" and Cambece Law are jointly and severally liable.

41.  The message was purported to come from "Cambece Law Firm", and stated that a "very important matter" needed to be discussed with the plaintiff.

42.  By information and belief, the return phone number on this occasion was 1-866-200-9666.

COUNT NUMBER FIVE

43.  The plaintiff hereby repeats, realleges and reincorporates by reference the foregoing paragraphs.

44.  By information and belief, a "Mr. Flannigan" left a fourth voice mail message at the plaintiff's telephone number, from "Attorney Cambece's office", on or about November 4, 2004.

45.  "Mr. Flannigan is an employee of Cambece Law, and is a debt collector as defined at 15 U.S.C. §1692a(6).  Defendant's name may be an alias or desk name.

46.  Cambece Law is vicariously liable for the actions of "Mr. Flannigan", as his employer.

47.  "Mr. Flannigan" and Cambece Law are jointly and severally liable.

48.  This message, the longest one until that time, claimed that the plaintiff needed to call back because "We do have a very important matter pending in  my office that we need to discuss.",  and that he was "expecting" a call back.

49.  By information and belief, the  telephone number on this occasion was 800-200-9367.

COUNT NUMBER SIX.

50.  The plaintiff hereby repeats, realleges, and reincorporates by reference the foregoing paragraphs.

51.  By information and belief, on November 9, 2004,  a "Mr. Birmingham" left a voice mail message on the plaintiff's phone service claiming that he'd called on  November 2, 2004, leaving a message.

52.  "Mr. Birmingham" is an employee of Cambece Law, and is a debt collector as defined at 15 U. S. C. §1692a(6).  Defendant's name may be an alias or desk name.

53.  Cambece Law is vicariously liable for the actions of "Mr. Birmingham", as his employer.

54.  "Mr. Birmingham" and Cambece Law are jointly and severally liable.

55.  He also demanded an immediate call back to 1-866-260-9666.

COUNT NUMBER SEVEN.

56.  The plaintiff hereby repeats, realleges, and reincorporates by reference the foregoing paragraphs.

57.  By information and belief, another voice mail message was left by the same "Mr. Flannigan" on November 16, 2004.

58.  The text of this message was substantially identical to the November 4, 2004 call, and the caller left the same phone number, 800-200-9367.

COUNT NUMBER EIGHT.

59.  The plaintiff hereby repeats realleges and reincorporates by reference the foregoing paragraphs.

60.  A second demand letter, dated December 2, 1994, claimed that Cambece Law represented the client, Jefferson Capital.

61.  This letter claimed that, if the plaintiff was not forthcoming with a response, that they "may have no option but to recommend to our client that it exhaust whatever legal measures are available through local counsel" to collect the debt.

COUNT NUMBER NINE.

62.  The plaintiff hereby repeats, realleges, and reincorporates by reference the foregoing paragraphs.

63.  By information and belief, the plaintiff received a voice mail message, on December 2, 2004, again from "Mr. Flannigan".

64.  This message, the third one left by this caller, claimed that either the phone number was invalid or that the plaintiff was not handling the situation "responsibly".

65.  The message further threatened that the collector and his employer, Cambece Law, would do everything they could, legally, "to get a hold of" the plaintiff.

66.  "Mr. Flannignan" then said he'd "advise" the plaintiff to return the call as soon as possible.

67.  By information and belief, the use of  words such as "doing everything we can, legally", and that the collector would "advise" a quick return call to the alleged law firm,  he implied he is an attorney, as well as the threat of legal action, such as a lawsuit,  was imminent.

68.   By information and belief, the phone number on this occasion was 1-866-200-9367.

COUNT NUMBER TEN.

69.  The plaintiff hereby repeats realleges and reincorporates by reference the foregoing paragraphs.

70.  An identical demand letter to the December 2, 1994, letter was received by plaintiff, this one dated January 21, 2005.

71.  By information and belief, both letters contained the alleged signature of Attorney Cambece.

72.  By information and belief, both letters threatened imminent lawsuit.

73.  By information and belief, such lawsuit was never filed, and never had intended to be filed.

74.  By information and belief, Attorney Cambece,  is not licensed to practice law in CT, and therefore cannot file a lawsuit in CT.

COUNT NUMBER ELEVEN.

75.  The plaintiff hereby repeats realleges and reincorporates by reference the foregoing paragraphs.

76.  On May 31, 2005, a demand letter was received, also from Cambece Law, which was dated May 26, 2005.

77.  By information and belief, this demand letter was for a second client, AC&F.

78.  By information and belief, the demand amount, $1,560.53, was alleged to be owed to AC&F.

79.  By information and belief, the plaintiff never did or has done business with, nor owed or owes money or other valuable consideration, to AC&F.

80.  This demand letter was, except for the client's name, dates, account numbers and amounts owed, identical to the October 13, 2004,  letter.

81.  By information and belief, this letter was also allegedly signed by Attorney Cambece.

82.  By information and belief, the Plaintiff timely requested validation for this second collection account under the FDCPA, which has not been received to date.

COUNT NUMBER TWELVE.

83.  The plaintiff hereby repeats, realleges and reincorporates by reference the foregoing paragraphs.

84.  By information and belief, on or about June 3, 2005,  a message was left on the plaintiff's voice mail from a "Jeremy Nolan", who was calling *with* Attorney Cambece's office.

85.  Defendant "Jeremy Nolan"  is an employee of Cambece Law, and is a debt collector as defined in 15 U.S.C. §1692a(6).  Defendant's name may be an alias or desk name.

86.  Cambece Law is vicariously liable for the actions of "Jeremy Nolan" as his employer.

87.   "Jeremy Nolan" and Cambece Law are jointly and severally liable.

88.   By information and belief, this message, which requested a call to 866-246-7769, claimed that the plaintiff needed to return the call as soon as possible.

COUNT NUMBER THIRTEEN.

89.  The plaintiff hereby repeats, realleges and reincorporates by reference the foregoing paragraphs.

90.  By information and belief, a second call from "Jeremy Nolan" was made, and a voice mail message left at the plaintiff's telephone number, on or about  the first  full week of June, 2005.

91.  By information and belief, this message, more insistent than the first one, told the plaintiff that he "obviously" needed a return call as soon as possible, to 866-246-7765.

COUNT NUMBER FOURTEEN.

92.  The plaintiff hereby repeats, realleges, and reincorporates by reference the foregoing paragraphs.

93.  By information and belief, on or about mid-June, 2005, a third call was placed to the plaintiff's voice mail from the same "Jeremy Nolan", again claiming it was very important to return the phone call.

94.  By information and belief, the phone number left for callback this time was identical to the one on the other two "Jeremy Nolan" voice mails:  866-246-7769.

COUNT NUMBER FIFTEEN.

95.  The plaintiff hereby repeats, realleges, and reincorporates by reference the foregoing paragraphs.

96.  By information and belief, the  J.A.Cambece Law Firm,  P.C.  (hereinafter "Cambece Law Firm") presents itself on its website (www.cambece.com) as being an independent debt collection law firm.

97.  By information and belief,  Cambece Law Firm is a franchisee of a debt buying business.

98.  By information and belief, this debt buying businesses' franchisees, such as Cambece Law Firm, are franchised to provide with an attorney's practice to "front" the debt collection operation for a fee or commission.

99.  By information and belief, the debt collection operation is completely separate, and neither the Cambece Law Firm, nor its attorneys, including Attorney Cambece, have any day-to-day control or input into the operation of the collection agency, including the acquisition of accounts and the supervison of the employees, which is done by the franchisor's own employees.

100.  By information and belief, Attorney Cambece also provides no significant review of any alleged debtor's file, and lacks the access to the necessary records to do so; the few records available are a simple database which  provides just enough information to fill in the blanks of the form letter templates provided to  Cambece Law.

101.  By information and belief, Attorney Cambece's alleged signature is a reproduction.

102.  By information and belief,  Attorney Cambece  never  exercises meaningful review over the actual letters nor the accounts of the alleged debtors to whom these letters are sent, in violation of the FDCPA and Connecticut law.

FIRST CLAIM FOR RELIEF.

103.  The plaintiff hereby repeats, realleges and reincorporates by reference the foregoing paragraphs.

104.  Defendant, in repeated violation of 15 U.S.C §1692e(2), by claiming that the sum of $2,245.93 was due to their first client, Jefferson Capital, which falsely represented the amount and character of the debt.

Case 3:05-cv-01541-JCH   Document 1   Filed 10/04/05   Page 12 of 18

105. Defendant, in violation of 15 U.S.C. §1692e(2), by claiming that the sum of $1,560.03, was due to their second client, AC&F, which falsely represented the amount and character of the debt.

106. Defendant Cambece Law, in repeated violation of 15 U.S.C §1692e(2), by demanding payment of $2,245.93 to Jefferson Capital, falsely  representing the amount of the debt.

107. Defendant Cambece Law,  in claiming that the sum of $1,560.03 was due  their second client, AC&F, falsely  represented the amount due in violation of 15 U.S.C. §1692e(2)

108. The Cambece law defendants repeatedly violated 15 U.S.C. §1692f(1) in attempting to collect sums not founded on any lawful instrument of indebtedness.

109. The Cambece Law defendants, by claiming that the plaintiff had sufficient time to pay the plaintiff's creditors  twice violated 15 U.S.C. §1692e(2)(A), by falsely representing the character and legal status of the debts; 15 U.S.C. §1692e(8) communicating false information; and 15 U.S.C. §1692e(10) the use of false or deceptive means to collect a debt.

110. The defendant known as "Katharine Doe", by claiming that the  messages of October 8, 2004 and later that same month,  were from "Attorney Cambece's Office", and not the separate collection agency, violated 15 U.S.C §1692d(6); 15 U.S.C. §1692e(2)(A); 15 U.S.C. §1692e(3); 15 .S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

111. The use of "Beethoven's 5th Symphony" as a "filler" to prolong the second October, 2004, voice mail message constituted harassment and abuse of the plaintiff in violation of 15 U.S.C. §1692d.

112. The defendant known as "Mr. Frank", by leaving a message, on November 2, 2004, who left the message in which the defendant "Mr. Frank" claimed to be from "Cambece Law Firm, was deceptive and violated 15 U.S.C. §1692d, generally, and 15 U.S.C,§1692d(6), specifically; 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

-12-

113.  The defendant known as "Mr. Frank", by claiming he had a "very important matter" to discuss with the plaintiff implied the threat of legal action, in violation of 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

114.  The defendant known as "Mr. Flannigan", by claiming in the voice mail messages left on plaintiff's voice mail on November 4, 2004, and again on November 16, 2004,  to be from "Cambece Law Office', when he was not, violated 15 U.S.C §1692d(6); 15 U.S.C. §1692e(2)(A); 15 U.S.C. §1692e(3); 15 .S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

115.  The defendant known as "Mr. Flannigan",  in his messages of November 4, 2004 and November 16, 2004, by claiming that plaintiff needed to call back to "discuss a very important matter", which implied the threat of lawsuit, violated 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

116.  The defendant known as "Mr. Birmingham", by leaving a voice mail message claiming he left a call on November 2, 2004, when no such call occurred, violated 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

117.  By claiming that the plaintiff needed to call back "immediately", when such call was not required,  defendant "Mr. Birmingham" violated  15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

118.  The second and third demand letters, dated  December 2, 2004 and January 21, 2005, sent by Cambece Law, by claiming that, if the plaintiff did not respond, that Cambece Law would have no option but to recommend to their client to exhaust whatever legal measures available to collect via legal counsel in the plaintifff's state, which implied lawsuit, violated 15 U.S.C. §1692d, generally, and 15 U.S.C, §1692d(6), specifically; 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

119.  By implying or actually recommending the possibility, to their client, of filing a lawsuit against the plaintiff, Cambece Law violated  15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

120.  The collector known as "Mr. Flannigan", by leaving the voice mail message of December 2, 2004, by claiming by not paying the alleged debt, the defendant  was acting "irresponsibly", and that Cambece Law would do "everything" they could  do to  legally "get a hold of" the plaintiff,  was oppressive, threatening of arrest and/or lawsuit, in violation of  15 U.S.C. §1692d, generally, and 15 U.S.C,§1692d(6), specifically; 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(4);  15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

121.  "Mr.  Flannigan", by saying he'd "advise" the plaintiff to call in implication that he was an attorney, when he was not, in violation of 15 U.S.C. §1692d, generally, and 15 U.S.C,§1692d(6), specifically; 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

122.  The defendant known as "Jeremy Nolan", by leaving the voice mail message of or about June 3, 2005, by claiming he was "with" Attorney Cambece's office , implied he was an attorney in violation of  15 U.S.C. §1692d, generally, and 15 U.S.C,§1692d(6), specifically; 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

123.  The defendant known as "Jeremy Nolan", by  leaving the June 3, 2005, voice mail message, claiming that a return call was needed as soon as possible, when it was not, violated 15 U.S.C. §1692d, generally, and 15 U.S.C,§1692d(6), specifically; 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

124.  The defendant, "Jeremy Nolan", by claiming the plaintiff needed to return the call as soon as possible, by implying the threat of legal action, which was not imminent, violated

15 U.S.C. §1692d, generally, and 15 U.S.C. §1692d(6), specifically; 15 U.S.C. §1692e(3);

15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

125.  Defendant "Jeremy Nolan", by leaving the June, 2005, voice mail message saying that

the plaintiff "obviously" needed to return the call, when the implied threat of legal action was not

there, violated 15 U.S.C. §1692d, generally, and 15 U.S.C. §1692d(6), specifically;

15 U.S.C. §1692e(3); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and

15 U.S.C. §1692f.

126.  By leaving the voice mail message in mid-June, 2005, which claimed it was "very

important" to return the call, when it was not,  the defendant "Jeremy Nolan" violated 15 U.S.C.

§1692d, generally, and 15 U.S.C,§1692d(6), specifically; 15 U.S.C. §1692e(3);

15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(14); and 15 U.S.C. §1692f.

127.  By advertising themselves on the Internet solely as an independent debt collection law

firm, when they are really a subsidiary or franchisee of  a  debt buying firm specializing in

defaulted, charged-off debt portfolios, violates  15 U.S.C. §1692d, generally, and

15 U.S.C. §1692d(6).

128.  By contracting for and allowing the existence and operation of a debt collection agency

under the Cambece Law name that is, in no way, actually a part of the Cambece Law Firm,

Cambece Law violates 15 U.S.C §1692e(2)(A); 15 U.S.C. §1692e(3); 15 U.S.C. §1692e(10);

15 U.S.C §1692e(14); and 15 U.S.C.(sec.)1692f.

129.  Through the deceptive use of Attorney Cambece's name, signature, and letterhead in

communications, and the use of "Cambece Law", or variations thereof, in identifying the debt

collection operation, Cambece Law violates 15 U.S.C §1692e(2)(A); 15 U.S.C. §1692e(3);

15 U.S.C. §1692e(10); 15 U.S.C §1692e(14); and 15 U.S.C.(sec.)1692f.

130.   Attorney Cambece, by not performing significant review of any debtor's file, as evidenced by the mass mailings and the facsimile signature used on debt collection letters and other correspondence, violates 15 U.S.C §1692e(2)(A);  15 U.S.C. §1692e(3); 15 U.S.C. §1692e(10) ; 15 U.S.C §1692e(14); and 15 U.S.C.(sec.)1692f.

 SECOND CLAIM FOR RELIEF.

131.   The plaintiff hereby repeats, realleges, and reincorporates by reference the foregoing paragraphs.

132.   Within three years prior to the date of this action defendants have repeatedly and maliciously engaged in acts and practices as to plaintiff in violation of the Consumer Collection Agency Act, C.G.S. §36a-800, *et. seq.,*  and the Connecticut Unfair Trade Practices Act, 42 C.G.S §42-110a, *et seq.*

133.   By knowingly accepting claims which had collection fees added to them, or adding those fees themselves, which either had not been agreed to by the plaintiff, or in excess of those allowed by law, the defendants violated 36a C.G.S §805(13).

134.   By repeatedly stating that there was, or making the implication that legal action was imminent,  the  defendants repeatedly violated 36a C.G.S. §806(a); 36a C.G.S. §806(b); 42 C.G.S §110a; and  42C.G.S. §110(b), by repeatedly committing deceptive practices in trying to collect the alleged debts.

135.   By repeatedly failing to meaningfully disclose their identity and/or those of their agents, the defendant violated 36a C.G.S. §806(a); 36a C.G.S. §806(b); 42 C.G.S §110a; and 42 C.G.S. §110(b).

136.   The failure of Cambece Law  to reveal their corporate ties, via franchise, to a bad debt buying firm, in order to deceive the State of Connecticut, the Connecticut Department of Banking, and the public, are in violation of 36a C.G.S. § 36a 645; 36a C.G.S. §36a-801; and 36a C.G.S. § 36a-810.

137.  The failure of Cambece Law to disclose the full and complete ownership of the debt collection arm of Cambece Law Firm by another entity not controlled by Cambece Law, violates Connecticut law and regulation, as promulgated in 36a C.G.S. §36a-800, *et. seq.* .

138.  Defendants have thereby repeatedly and maliciously committed the unfair or deceptive acts or practices within the meaning of the Connecticut Unfair Trade Practices Act, 42 C.G.S. §42-110a, *et seq.* .

139.  As a result of the actions of the defendant and their agents, the plaintiff has suffered emotional distress, has lost enjoyment in her normal life and activities, and has been frequently ill, causing her to miss work repeatedly.

WHEREFORE, plaintiff respectfully requests this Court to:

1.  Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' repeated violations of the Connecticut Creditor Collection Act, and/or the Connecticut Collection Agency Act and the Connecticut Unfair Trade Practices Act.

2.  Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages for each communication.

3.  Award the plaintiff costs of suit, and a reasonable attorney's fee;

4.  Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

THE PLAINTIFF

By:_____
       Pamela A. Mann,
       Plaintiff Pro-se
       18 Abbotsford Avenue
       West Hartford, CT  06110-2202
       pamela_mann@sbcglobal.net